IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

FRED DAVENPORT,

Plaintiff,

v.

ETHAN MARCZEWSKI,

Defendant.

OPINION AND ORDER

24-cv-194-wmc

Plaintiff Fred Davenport, an inmate representing himself, alleges that Columbia Correctional Institution ("CCI") Lieutenant Ethan Marczewski violated his Eighth Amendment rights by use of excessive force. Although his suit was screened to go forward under the Prison Litigation Reform Act (PLRA) as plaintiff is an incarcerated litigant, that Act also requires that, if challenged, plaintiff demonstrate he exhausted his administrative remedies before filing a federal lawsuit. 42 U.S.C. § 1997e(a). Defendant subsequently moved for summary judgment on the grounds that plaintiff failed to exhaust his administrative remedies on his claim. (Dkt. #14.) Because the undisputed record demonstrates that plaintiff failed to exhaust the administrative remedies available to him, the court will grant defendant's motion.

## UNDISPUTED FACTS[1]

Plaintiff Fred Davenport is currently incarcerated at CCI, and he alleges that, on August 21, 2023, Lieutenant Ethan Marczewski tased him despite already being secured

[1] Unless otherwise indicated, the court draws the following facts from the records and finds them undisputed for the purposes of summary judgment.

in full restraints in violation of his rights under the Eighth Amendment. (Dkt. #7.) As a result of his behavior preceding the tasing, Davenport received a conduct report ("CR"), which he did not contest. (Dkt. #16-2, at 18-19.) Davenport then attests that the office administering his conduct report "expressed formally and in person that because [the underlying use of force incident] is contained in a CR," he could not "file a complaint through the [Inmate Complaint Review System]." (Dkt. #22, at 1.)

Davenport further attests that he spoke to Warden Larry Fuchs about reviewing Marczewski's use of force shortly after the incident:

> I personally spoke with Warden Larry Fuchs who told me [that even though] I had a CR [that] I [did not contest,] he could [not] change my disposition[,] but he could have the security director Ryan Blount review the situation to see if . . . Marczewksi did anything wrong. I clearly asked . . . 'Do you want me to file a[n Inmate Complaint]. He responded, 'No, you could just write me a[n Information/Interview Request] to remind me.[']"

*Id.* After the tasing, Davenport also states that Warden Fuchs told him, "No[,] do it this way," which he understood to be an instruction to file an Information/Interview Request, rather than an Inmate Complaint about the incident. *Id.* at 2.

On the other hand, Warden Fuchs denies having said any of this to Davenport:

> At no time did I tell Mr. Davenport he should not file an inmate complaint regarding his allegations of excessive force from August 21, 2023. At no time would I tell an inmate not to file an inmate complaint. I would never tell any inmate they should not file an inmate complaint because the Inmate Complaint Review System (ICRS) is the principal administrative remedy available to inmates in DOC custody to file complaints related to significant issues regarding rules, living conditions, and staff actions at the institution.

Fuchs Decl. (Dkt. #25) ¶¶ 3–5.

Davenport did eventually send an Information/Interview Request to Fuchs in February 2024 asking about a security review of the tasing. (Dkt. #16-2, at 10.) Fuchs

then responded to Davenport on February 19, 2024, stating, "Security Director reviewed with the following outcome: proper follow up conducted." (Dkt. #16-2, at 10.) Between the initial incident at the end of August 2023 and the Warden's response to Davenport's Information/Interview Request near the end of February 2024, Davenport filed 14 other, unrelated Inmate Complaints. (Dkt. #16-1, at 2.)

On February 27, 2024, Davenport next filed an actual Inmate Complaint about Marczewski's "excessive use of force" by tasing him despite his being fully restrained. (Dkt. #16-2, at 2.) In the complaint, Davenport listed the date of the alleged incident as February 19, 2024, the date the Warden responded to his Information/Interview Request, rather than the date the tasing actually took place, and he attached the Warden's response to his Complaint. *Id.* at 2, 8. He did not describe or otherwise allude to the Warden telling him that he should file an Interview/Information Request rather than a Complaint about the incident. *See id.* at 2.

On March 1, 2024, the Inmate Complaint Examiner rejected Davenport's Inmate Complaint as untimely, since he had filed the complaint more than six months after the underlying use of force. *Id.* Specifically, the examiner explained that an Inmate Complaint must be filed within 14 days of the occurrence giving rise to the complaint, unless an explicit reason for the late filing is given *and* the complaint examiner approves the late submission for good cause. *Id.* While Davenport stated in the Inmate Complaint that he wrote to the Warden several times about the incident and the Warden responded, he did not argue to the examiner that the security review was the reason for his late filing. *Id*.

Two weeks after his Inmate Complaint was rejected, Davenport appealed. *Id.* at 6. However, his appeal was also denied as untimely, since an appeal must be filed within 10 days of the rejection. *Id.* Davenport then filed suit in this court, after which he was given leave to proceed on his excessive force claim against defendant Marczewski. (Dkt. #8.)

OPINION

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Wisconsin law determines the administrative remedies available to Wisconsin DOC inmates. *Jackson v. Esser*, 105 F.4th 948, 956 (7th Cir. 2024). Further, under Wisconsin law, an inmate must timely submit a complaint to the Inmate Complaint Review System (ICRS) and timely appeal that complaint to exhaust his administrative remedies. Wis. Admin. Code § DOC 310.05; *Hacker v. Dart*, 62 F.4th 1073, 1078 (7th Cir. 2023).

Specifically, an inmate must file a formal, written Inmate Complaint regarding whatever issue he wishes to raise within 14 calendar days of the conduct giving rise to the complaint occurring. Wis. Admin. Code § DOC 310.07(2). Nonetheless, "[a]t the discretion of the ICE, a late complaint may be accepted for good cause. An inmate shall request to file a late complaint in the written complaint and explicitly provide the reason for the late filing." *Id.* An inmate must follow ICRS procedure even if the prison was already aware of the conditions about which he complain. *Dole v. Chandler*, 438 F.3d 804,

809 (7th Cir. 2006). Finally, inmates must strictly comply with the state's exhaustion procedures before filing suit in this court. *Id*.

While "the exhaustion requirement is strict, [it is] not absolute." *King v. Dart*, 63 F.4th 602, 606 (7th Cir. 2023). An inmate may be excused of from exhausting his administrative remedies where such remedies are not "available," including when prison employees "use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809; *see also Ross v. Blake*, 578 U.S. 632, 644 (2016) (remedies unavailable where officials "thwart inmates from taking advantage of a grievance process through . . . misrepresentation"); *Thomas v. Reese*, 787 F.3d 845, 847–48 (7th Cir. 2015) (remedies unavailable where correctional officer misrepresents that prisoner cannot file grievance); *Ebmeyer v. Brock*, 11 F.4th 537, 542–43 (7th Cir. 2021) (remedies unavailable when a correctional officer tells the prisoner that he cannot file a grievance when he can); *Curtis v. Timberlake*, 436 F.3d 709, 712 (7th Cir. 2005) (remedies unavailable when "prison officials encourage, or even invite, noncompliance with written procedure"); *Smallwood v. Williams*, 59 F.4th 306, 320 (7th Cir. 2023) (collecting cases).

In the absence of affirmative misconduct, however, an inmate's misunderstanding of an institution's grievance procedure will not excuse him from the exhaustion requirement:

> The PLRA does not excuse a failure to exhaust based on a prisoner's ignorance of administrative remedies where a prison has done an adequate job of informing the prisoner about the grievance procedure. Nor does it excuse noncompliance because of a prisoner's subjective lack of awareness of a grievance procedure, or when he is simply mistaken about the meaning of the prison's grievance procedures. But when a prisoner's ignorance of the process is not within his control — that is, because he has not been informed

> of the process . . . due to misconduct by prison employees . . . , it is not available to him.

*Smallwood*, 59 F.4th at 314–15.

"Whether a remedy (or the grievance process to access such a remedy) is available requires a 'fact-specific inquiry.'" *Jackson*, 105 F.4th at 957 (citing *Lanaghan v. Koch*, 902 F.3d 683, 688 (7th Cir. 2018)). Further, because failure to exhaust is an affirmative defense, "the defendant[] bear[s] the burden of proof and cannot shift it to require [plaintiff] to show that administrative remedies were unavailable." *Gooch v. Young*, 24 F.4th 624, 627 (7th Cir. 2022). "Prison officials need[] to 'do more than point to a lack of evidence in the record; rather they must establish affirmatively that the evidence is so one-sided that no reasonable factfinder could find that [the prisoner] was prevented from exhausting his administrative remedies." *Jackson*, 105 F.4th at 958 (quoting *Smallwood*, 59 F.4th at 319). In considering the record, the court must draw all reasonable inferences in the light most favorable to plaintiff, the nonmoving party. *Id.* at 956.

In plaintiff's case, drawing all inferences in his favor, the undisputed record nonetheless shows that he failed to exhaust the administrative remedies available to him on his excessive force claim. Even accepting that Warden Fuchs affirmatively misled plaintiff by telling him to file an Information/Interview Request instead of an Inmate Complaint, or wait to file a Complaint until the security review was completed, the filing of a late Complaint was an administrative remedy available to plaintiff—one which he indeed attempted to utilize. In that instance, Wisconsin DOC procedure required him to provide a reason for filing the Complaint late. The ICRS further required that, if the Complaint was rejected by the ICE, he timely appeal that rejection. Considering his

Inmate Complaint and appeal addressing the excessive force claim, plaintiff neither cited Warden Fuchs' instructions as a reason for filing his Complaint late, which could have provided good cause for review of that Complaint, nor did he timely appeal the rejection of his Complaint. *See, e.g., Lockett v. Bonson*, 937 F.3d 1016, 1028 (7th Cir. 2019) ("In Wisconsin, the regulations clearly gave him an opportunity to [successfully file a late Complaint], but there is no evidence that he availed himself of this tool."

In this way, the undisputed record shows that administrative remedies were available to plaintiff, and he failed to follow the procedures required to exhaust them. *See id.* at 1025 (the PLRA requires "a strict compliance approach to exhaustion") (quoting *Dole*, 438 F.3d at 809). Therefore, the court must grant defendant's motion for summary judgment on exhaustion grounds and dismiss this case.

## ORDER

IT IS ORDERED that:

1. Defendant's motion for summary judgment on exhaustion grounds (dkt. #14) is GRANTED and this case is DISMISSED without prejudice.

2. The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 28th day of August, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge